UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOSEPH BARRESE,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, DEPUTY CHIEF RICHARD SUEY, individually and in his official capacity, CORRECTIONS OFFICER KEVIN GALE, individually and in his official capacity, DOES 1 through 10, individually and/or in their official capacities, DOE CLASSIFICATION EMPLOYEES 1 through 10, individually and/or in their official capacity, ROE CORPORATIONS 1 through 10, Foreign and/or Domestic Corporations,<br><br>Defendants. | Case No. 2:18-cv-01671-KJD-EJY<br><br>**ORDER**<br><br>and<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Defendants' Motion to Enforce Settlement. ECF No. 55. No timely response was filed.

The parties reached settlement in this matter on January 3, 2022. *Id*. at 1. Unfortunately, since that time, Plaintiff has refused to sign the settlement agreement. *Id*. at 2. The Court is empowered to enforce a settlement when the parties form a contract representing agreed upon material terms demonstrating the intent to be mutually bound. *Samet v. Bayview Loan Servicing, LLC*, Case No. 2:18-cv-00581-GMN-EJY, 2019 WL 6878854, at *2 (D. Nev. Dec. 17, 2019) (quoting *Callie v. Near*, 829 F.2d 888, 890-91 (9th Cir. 1987). Here, Plaintiff's failure to contest the Motion to Enforce Settlement demonstrates no dispute over the material terms. Said differently, there is nothing before the Court supporting the potential supposition that there are material terms in dispute. In the absence of evidence or argument providing any basis upon which the Court may rely to conclude Plaintiff did not agree to the material terms in the settlement agreement with the intent to be bound by the same, the Court finds the settlement agreement is enforceable. *Id*. at *2 (internal citation omitted).

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Enforce Settlement (ECF No. 55) is GRANTED.

Further, IT IS HEREBY RECOMMENDED that this matter be dismissed with prejudiced.

DATED this 24th day of June, 2022.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).